UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DEMAURIAE NOLAN,<br><br>    Defendant. | Case No. 19-cr-00231-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 23 |

Defendant Demauriae Nolan has filed a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 23. The government opposes, and Mr. Nolan has filed a reply brief. Dkt. No. 28; Dkt. No. 33. The Court finds the matter suitable for decision without a hearing and is submitted on the papers. For the reasons set forth below, the Court DENIES Mr. Nolan's motion. The hearing set for August 14, 2020, is VACATED.

On July 17, 2019, Mr. Nolan pleaded guilty to one count of felon firearm possession, in violation of 18 U.S.C. § 992(g). Dkt. No. 15 at 1-2. Mr. Nolan also admitted to violating his supervised release terms. *Id.* at 1. On October 11, 2019, the Court sentenced Mr. Nolan to 42 months imprisonment for the felon firearm possession charge and 10 months for violating his supervised release, to run concurrent with his 42-month sentence.[1] Dkt. Nos. 20, 21. The parties agree that Mr. Nolan has served over 15 months, or roughly 36%, of his sentence. Mr. Nolan is housed at Federal Correctional Institution Lompoc, with an estimated release date of April 15, 2022. *See* https://www.bop.gov/inmateloc/ (Reg. No. 12670-111) (last visited August 7, 2020).

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides:

---

[1] Mr. Nolan's 10-month sentence has been fully discharged and thus is not the subject of the instant motion. Dkt. No. 23 at 1 n.1 (Mot.).

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having reviewed the briefs and supporting documents, the Court finds Mr. Nolan has not at this time met his burden of showing "extraordinary and compelling" reasons warranting compassionate release, for the reasons stated in the government's response. The Court thus DENIES Mr. Nolan's motion, without prejudice to renewal in the future should his health or family circumstances change.

As noted by the government, the Bureau of Prisons is in the process of evaluating all inmates for home confinement during their custodial sentence. The Court has no objection to Mr. Nolan's release through that process.

**IT IS SO ORDERED**.

Dated: August 7, 2020

SUSAN ILLSTON
United States District Judge